Ayva S. SHA (Engelhardt), Plaintiff–Appellant,

v.

MEMORIAL SLOAN KETTERING CANCER CENTER, Richard Barakat, Nadeem Abu Rustum, Dawn Hendricks, Moshe Shike, and Janet Levy, Defendants–Appellees.

Docket No. 01–7696.

United States Court of Appeals, Second Circuit.

March 19, 2002.

Patricia Collins, Law Offices of Ronald Pidolsky, New York, NY, for Plaintiff–Appellant.*

Roderick J. Cassidy, Widowski Cassidy & Steinhart, LLP, New York, NY, for Defendants–Appellees.

Present GUIDO CALABRESI, and JOSÉ A. CABRANES, Circuit Judges, and PRESKA,** District Judge.

---

* Plaintiff–Appellant appeared before the district court pro se.

** The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff–Appellant, Ayva S. Sha ("Sha") appeals from (a) the District Court's (Hellerstein, *J.*) Memorandum and Order of November 29, 2000 granting in part the motion to dismiss of Defendants Appellees Memorial Sloan Kettering Cancer Center, Richard Barakat, Nadeem Abu Rustum, Dawn Hendricks, Moshe Shike, and Janet Levy, and (b) the court's order of Order of May 4, 2001 granting Defendants' motion for summary judgment on the remaining claim.

## BACKGROUND

On multiple occasions in 1995 and 1996, Sha received treatment at Memorial Sloan Kettering Cancer Center ("Memorial") for ovarian cancer and related complications. Sha subsequently brought suit against Memorial and the relevant medical personnel claiming that during her treatment, non-diseased organs were removed without her permission. She alleges that she suffers from either dyslexia, attention deficit disorder, or both and that Defendants failed to get informed consent appropriate to her alleged disability. Sha's suit includes claims under 42 U.S.C § 1983, the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), in addition to state law claims for medical malpractice.

Defendants moved for dismissal or judgment on the pleadings pursuant to Fed. R.Civ.P. 12(b)(1), 12(c). In a Memorandum and Order dated November 29, 2000, the district court granted Defendants' motion in part and dismissed all claims except for the ADA claim against Memorial.

Following discovery, in an Order dated May 4, 2001, the district court granted Memorial's motion for summary judgment. The court explained that under the ADA, an individual seeking an accommodation must request one. It added that the record in the case unambiguously established that Sha had not requested such an accommodation. Sha now appeals.[1]

Because Appellant conceded during oral argument that no claims against the individual Defendants lie under the ADA, we consider any appeal from the dismissal of those claims to have been abandoned. As to all Appellant's other claims under the ADA, the Rehabilitation Act, and § 1983, we AFFIRM the district court for substantially the reasons it gave. Because we have dismissed all of Appellant's federal claims, we decline jurisdiction over her state law malpractice claims and on that ground AFFIRM the dismissal of those claims.

---

1. Sha earlier moved for reconsideration of the May 9, 2001 order, but the district court denied her motion.